```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :
JOEL UBIERA,                          :     16cv4959 (DLC)
                          Petitioner, :     03cr1102-04 (DLC)
                                      :
          -v-                         :     MEMORANDUM OPINION
                                      :         AND ORDER
UNITED STATES OF AMERICA,             :
                                      :
                          Respondent. :
                                      :
--------------------------------------X
```

DENISE COTE, District Judge:

Petitioner Joel Ubiera ("Ubiera") has moved for reconsideration of the Court's denial of his petition under 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c). Ubiera has also requested that the Court stay further proceedings on his petition. For the reasons that follow, the motions for reconsideration and for a stay are denied.

## Background

On January 12, 2004, Ubiera pleaded guilty to (1) conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, (2) brandishing a firearm during and in relation to a robbery in violation of 18 U.S.C. § 924(c),[1] and (3) conspiracy to distribute

---

[1] In pertinent part, § 924(c)(1)(A) provides: "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A). The term of imprisonment is increased to seven years if the firearm is brandished. 18 U.S.C. § 924(c)(1)(A)(ii).

and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846.  During his plea allocution, Ubiera admitted that he, along with his co-conspirators, planned and carried out a robbery in Englewood, New Jersey, to steal over 500 grams of cocaine to resell.  Ubiera was present when a revolver was brandished during the course of the robbery.  In a written plea agreement that Ubiera executed at the time of his plea, Ubiera waived his right to litigate any sentence at or below 235 months' imprisonment.

On August 12, 2004, the Court sentenced Ubiera principally to 192 months' imprisonment, which included 108 months for conspiracy to commit Hobbs Act robbery and conspiracy to distribute cocaine, followed by a mandatory and consecutive term of imprisonment of 84 months for brandishing a weapon during the robbery.[2]  Ubiera appealed his sentence, and the appeal was dismissed by the United States Court of Appeals for the Second Circuit on March 24, 2006, as barred by the terms of the plea agreement.

On June 23, 2016, Ubiera filed a placeholder petition to vacate his sentence under 28 U.S.C. § 2255 raising one argument: that his conviction under § 924(c)(1)(A) should be vacated in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), because Hobbs Act robbery no longer qualifies as a "crime of violence" as defined by § 924(c)(3).

---

[2] At sentencing, the Court determined the guidelines range, inclusive of the seven year consecutive sentence, to be 192 to 219 months' imprisonment.

On August 16, 2016, the Court ordered the parties to show cause why Ubiera's petition should not be denied in light of <u>United States v. Hill</u>, No. 14-3872-CR, 2016 WL 4120667 (2d Cir. Aug. 3, 2016), which held that (1) the reasoning in <u>Johnson</u> does not apply to the definition of "crime of violence" under § 924(c)(3), (2) the definition in § 924(c)(3) is not void for vagueness, and (3) that Hobbs Act robbery is a crime of violence as defined by § 924(c)(3).  On August 22, the Government submitted a letter taking the positon that the petition should be denied in light of <u>Hill</u>.  Ubiera did not respond to the Order to Show Cause, and on August 29, the Court denied the petition for the reasons stated in the August 16 Order to Show Cause.

On September 1, Ubiera submitted an application requesting that the Court reconsider its denial of his petition.  Ubiera's counsel stated that, because of an internal oversight, she had not filed a notice of appearance in this matter and did not receive notice of the August 16 Order to Show Cause.  Ubiera also requests a stay of his petition, as described more fully below.  Because the failure to respond to the Order to Show Cause was due to "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), the Court will address the merits of Ubiera's petition.

**Discussion**

**I. Motion to Vacate Conviction**

In <u>Johnson</u>, the Supreme Court held that a portion of the definition of crime of violence in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. <u>Johnson</u>, 135 S. Ct. at 2563. Ubiera contends that his conviction under § 924(c)(1)(A) should be vacated because § 924(c)(1)(A)'s definition of "crime of violence," which is contained in § 924(c)(3) and is different from the one at issue in <u>Johnson</u>, is unconstitutionally vague, and that Hobbs Act robbery no longer qualifies as a "crime of violence." As used in § 924(c),

> the term 'crime of violence' means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Second Circuit recently held in <u>Hill</u>, 2016 WL 4120667, that (1) the reasoning in <u>Johnson</u> does not apply to the definition of "crime of violence" under § 924(c)(3), (2) the definition in § 924(c)(3) is not void for vagueness, and (3) that Hobbs Act robbery is a crime of violence as defined by § 924(c)(3). Because Ubiera's conviction under § 924(c)(1)(A) is predicated on Hobbs Act robbery, his petition is foreclosed by <u>Hill</u>. Accordingly, Ubiera's motion for reconsideration is denied.

**II.  Motion to Stay**

Ubiera requests a stay of his petition pending the disposition of two cases he contends are relevant to his petition: (1) the Second Circuit's decision in United States v. Barrett, No. 14-2614, which was argued in January 2016 and also involves a challenge to the definition of "crime of violence" in 18 U.S.C. § 924(c), and (2) a petition for certiorari or motion for rehearing in Hill, which will likely be filed by the Federal Defenders.[3]

"District courts may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd., No. 10cv8134 (DLC), 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011) (citation omitted).  "For instance, a trial court may, with propriety, enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Id. (citation omitted).  "The Court must consider factors such as the desirability of avoiding piecemeal litigation." Id. (citation omitted).

A stay is not warranted because Hill determined that the reasoning in Johnson does not apply to the definition of "crime of violence" in 18 U.S.C. § 924(c) and that Hobbs Act robbery

---

[3] The Federal Defenders of New York represent Ubiera and the defendant in Hill.

5

qualifies as a "crime of violence" under § 924(c)(3).  Ubiera does not explain why the decision in Barrett, insofar as it concerns the impact of Johnson on a § 924(c) conviction and the status of Hobbs Act robbery as a crime of violence, will not be controlled by the holding in Hill.

## Conclusion

Ubiera's application for a stay is denied.  Ubiera's September 1, 2016 motion for reconsideration denied.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:    New York, New York
          September 2, 2016

```
                                    _____
                                          DENISE COTE
                                    United States District Judge
```